UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM LEE HARDESTY,

    Plaintiff,

v().                              CAUSE NO. 3:21-CV-111 DRL-MGG

MARSHALL COUNTY JAIL *et al.*,

    Defendants.

## OPINION AND ORDER

Adam Lee Hardesty, an inmate proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Hardesty is a pretrial detainee at the Marshall County Jail. His complaint is somewhat difficult to follow, but as best as can be discerned, he claims that on February 7, 2021, his "tablet" and cell phone were taken away from him, apparently for some rule infraction. He states that as a result, he was unable to contact his attorney for two days.

It appears that he had access to some type of communal phone during this period, but could not reach his attorney because the attorney had "no specific dates/times to contact him." He states that this caused him difficulty because he was trying to communicate to his attorney that he wished to accept a plea agreement in his pending criminal case.

Because Mr. Hardesty is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). "In certain limited circumstances, unreasonable restrictions on a detainee's access to a telephone may . . . violate the Fourteenth Amendment. *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995). "Denying a pre-trial detainee access to a telephone for four days would violate the Constitution . . . if plaintiff was not allowed to talk to his lawyer for the entire four-day period." *Id.* at 719.

Here, Mr. Hardesty alleges that he did not have free access to a phone for a two-day period. This is a very brief period of time, shorter than the period identified in *Murphy* as giving rise to constitutional concerns. It also appears he had access to a communal phone during this period. Additionally, though he claims the lack of a phone during this period impacted his ability to communicate to his attorney that he wished to accept a plea agreement, public court records in Mr. Hardesty's criminal case reflect that he did in fact plead guilty pursuant to a plea agreement and is currently awaiting

sentencing.[1] *See State v. Hardesty*, No. 50D01-2011-F4-000033 (Marshall Sup. Ct. filed Nov. 13, 2020). To the extent he is claiming that jail staff wrongfully deprived him of his personal property, he has an adequate state post-deprivation remedy available, and thus cannot pursue a federal due process claim pertaining to the loss of his property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). His allegations do not give rise to a plausible constitutional claim.

In the interest of justice, the court will allow Mr. Hardesty to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for relief, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **July 9, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

---

[1] The court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The court notes that there were no court proceedings scheduled in Mr. Hardesty's criminal case between January 13, 2021, and March 10, 2021. *See Hardesty*, No. 50D01-2011-F4-000033, available *https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6InJOSkkwZmM3ZWphZGJta2JJEZmJVUE1IUHBsVTR2RmUyNXVDaS1QYk1XTlUxIn19* (last visited June 9, 2021).

SO ORDERED.

June 10, 2021                                                               *s/ Damon R. Leichty*
                                                                                    Judge, United States District Court